**MOUNES v. BLEDSOE et al.**

No. 17284.

Court of Appeal of Louisiana. Orleans.

Feb. 26, 1940.

Rehearing Denied March 25, 1940.

Porteous, Johnson & Humphrey, of New Orleans, for appellant.

H. L. Hammett, of New Orleans, for appellees.

McCALEB, Judge.

The solidary liability of the defendants, LeRoy D. Bledsoe and his insurer, Lumbermen's Mutual Casualty Company, for the injuries sustained by the plaintiff in this case has already been determined by our opinion in the matter entitled Mr. and Mrs. Chenet J. Schexnaildre v. LeRoy D. Bledsoe et al. 194 So. 45, handed down this day, wherein a full statement of the facts and the law of the case will be found.

The only question left for discussion is the quantum of damages to be awarded Mr. Mounes for the injuries he sustained in the accident. Mr. Mounes seeks to recover the sum of $10,361.

The physical injuries received by the plaintiff in the accident are described by his physician, Dr. George L. Smith, as follows: Nervousness, insomnia, rapid pulse, high blood pressure, multiple abrasions and contusions over the body with marked ecchymosis of the upper left chest and shoulder in front and behind. The scapulso bone stood out in winged position with displacement of the scapulso-humeral joint. The tissues were sore, swollen and the skin easily peeled off. Shortly after the accident, Mr. Mounes was removed to the Baptist Hospital and it was found that, in addition to the above described injuries, there was a broken left acromial end of the clavical, with deformity in that region. X-ray pictures which were taken revealed that he had sustained a multiple fracture of that end with displacement of the upper fragment. Dr. Smith further says that there was an injury to the patient's lung with pleural pain on breathing, fever and cough with expectoration of blood due to the injury. The doctor stated that Mr. Mounes was totally disabled for a period of ten weeks and he estimated that he suffered a partial incapacity for four weeks thereafter. He further says that there is a deformity of his left shoulder and that at a future date it is possible that the bony fragment in the region of the deformity might require removal.

Dr. E. A. Ficklen, testifying for the defendants, stated that he examined the plaintiff on February 2, 1939; that he found that he had suffered a severe blow to the left shoulder; that there was a discolored area over the joint between the collar bone and the shoulder blade; that he examined the X-ray pictures taken of Mr. Mounes' shoulder which revealed a fracture of the acromion process of the shoulder blade and also a fracture of the collar bone and that he looked at his chest and found no bruises nor evidences of pleurisy at that time. Dr. Ficklen estimated that Mr. Mounes would be totally disabled for a period of ten weeks.

█ It is obvious from the foregoing that plaintiff has suffered serious and painful injuries and, while his hurts are not permanent (except for the slight deformity testified to by Dr. Smith), we feel that he is entitled to recover a substantial award in damages. We therefore allow to him the sum of $1,500 which we believe to be adequate compensation for his pain and suffering.

In addition to Mr. Mounes' physical injuries in the accident, he also claims the sum of $595 for loss of wages during the period of his disability, $472.25 for the damage sustained to his automobile in the collision, $100 for his doctor bill, $48 for his hospital bill, $6 for bandages and medicine and $12 for taxicab fares which were made necessary by the accident.

█ The last two items of $6 for bandages and medicines and $12 for taxicab fares are not supported by proof. These claims will therefore be disallowed.

█ The evidence discloses that, after the accident, Mr. Mounes had two estimates made of the damage sustained by his automobile. The lower of these estimates was $472.25. It is shown by the testimony of the Manager of the Southern Pontiac Company, Inc., that the estimate made represents the necessary cost of labor and material to repair the car. Recovery for this item of damage is granted.

█ It is also shown that Mr. Mounes has been employed for 39 years at Armour & Company as a salesman and that he lost wages amounting to $42.50 per week for a period of 14 weeks while he was incapacitated. He is therefore entitled to be reimbursed in the sum of $595 for this loss.

█ The $100 bill of Dr. George L. Smith for services rendered to Mr. Mounes appears to be most reasonable and we therefore permit full recovery for this item. In addition, the plaintiff is also entitled to recover for hospital expense in the sum of $48.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that there be judgment herein in favor of Sylvan H. Mounes and against the defendants LeRoy D. Bledsoe and Lumbermen's Mutual Casualty Company, in solido, for the full sum of $2,715.25 with legal interest thereon from judicial demand until paid and for all costs. It is further ordered, adjudged and decreed that plaintiff's suit, as against the defendant Polk Musical Supply Company, Inc., be dismissed at his cost.

Reversed.